IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW PITRE | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. H-13-3162 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| *Defendants*. | § | |

## FINAL JUDGMENT

On the 27th of April, 2015, the above-styled and numbered case came on for trial. Both sides appeared and announced ready for trial, and the case was tried to a jury, one having been timely requested, from April 27 to 29, 2014.

The jury questions and answers were as follows:

### QUESTION NO. 1

Do you find that the Defendant breached the insurance policy?

Answer "Yes" or "No."

_____YES_____

### QUESTION NO. 2

What sum of money, if any, paid now in cash would fairly and reasonably compensate the Plaintiff for his damages, if any, that resulted from the Defendant's breach of contract?

Answer (in dollars and cents)

_____$20,000.00_____

Based on the verdict of the jury, the Court **ENTERS** the following judgment:

Judgment is **GRANTED** in favor of Plaintiff Andrew Pitre in the amount of $20,000, plus pre-judgment interest of $1,583.31.

Plaintiff has also requested attorney's fees in this case, in the amount of $86,029.50, and expenses of $1,678.15. Texas Civil Practices & Remedies Code Chapter 38.001(8) permits reasonable attorney's fees to the prevailing party in breach of contract cases. Courts in this Circuit follow the lodestar approach when calculating attorney's fees, which requires the calculation of a lodestar based on the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services, and then adjusted based on the consideration of eleven factors detailed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (en banc).

The "*Johnson* factors" include (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and result obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the clients; and (12) awards in similar cases. These factors may bear on the market rate or on whether the hours were reasonably spent and may be a basis for adjusting the lodestar. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Plaintiff's counsel in this case, Scott Hunziker ("Hunziker"), has provided an affidavit detailing his hours and the hours worked by his associate, J. Zachary Moseley ("Moseley") in this case. (Instrument No. 71-1). Hunziker calculated that in prosecuting this case he billed 262.2 hours at a rate of $295 per hour and that Moseley billed 61.9 hours at a rate of $145 per hour. (*Id.*). Hunziker also calculated that during the preparation of this case his firm expended $1,678.15 in

filing fees, deposition service and transcripts, and subpoenas. (*Id.*). The Court finds, pursuant to the lodestar method and the *Johnson* factors detailed above, that the outlined fees, hours and expenses form a reasonable basis for an award of fees and costs for preparation and trial of this case. Accordingly, Plaintiffs are awarded attorney's fees in the amount of $86,029.50, and expenses in the amount of $1,678.15 for a total fee award of $87,707.65.

Total judgment is **GRANTED** in favor of Plaintiff Andrew Pitre in the amount of $109,290.96. Post-judgment interest shall accrue at a rate of 0.26% per annum from the date of the judgment until paid.

This is a **FINAL JUDGMENT**.

The Clerk shall enter this Order and provide a copy to all parties.

Signed on this the 5th day of June, 2015, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**